## WILLING v. GLOUCESTER INV. CO. et al.
### No. 6582.

Circuit Court of Appeals, Third Circuit.
June 14, 1938.

Thomas J. Minnick, Jr., and John P. Connelly, both of Philadelphia, Pa., for appellant.

Laurence H. Eldredge and C. Brewster Rhoads, both of Philadelphia, Pa., for appellee Fred Geiger.

William Carson Bodine and George Wharton Pepper, both of Philadelphia, Pa., for remaining appellees.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BUFFINGTON, Circuit Judge.

The bill in this case, filed in the court below by a receiver of a national bank, sought to charge double liability on the defendants as alleged owners of stock of the failed bank held by the Gloucester Investment Company. The contention of the receiver was that the bank stock had been transferred to that company by the defendants in contemplation of the bank's insolvency with a view to escaping assessment liability. The trial judge in an exhaustive opinion discussed the several hundred pages of testimony and by reference thereto we avoid needless repetition.

No precedent or principle is involved and the case narrows down to the question whether the stock was transferred in contemplation of bankruptcy. The trial judge found such was not the case, holding:

"So far as the financial condition of the bank in October, 1931 is concerned it is abundantly clear from the testimony and exhibits that at that time it was entirely solvent. While it had been subjected to a serious drain of deposits this was but a common experience of banks at that period of the financial depression and there was then no reason to believe that it would not weather the storm successfully. The fact that during this period and for more than a year thereafter the bank regularly paid dividends without any criticism on the part of the national bank examiners is most persuasive as to its solvency.

"I think it equally clear that the organization of the Gloucester Investment Company was in good faith and not for the purpose of evading assessment liability. This was not a naked transfer by bank stockholders of their shares to a corporation organized and owned by them. Here the corporation was organized with an actual cash capital which was largely provided by third persons who never were stockholders of the bank and who paid their subscriptions with their own individual funds. * * * I see no escape from the conclusion that the organization of the Gloucester Investment Company was carried through in good faith and for a lawful purpose.

"That the parties were acting in good faith is further evidenced by the admitted fact that the investment company six months and more after its organization purchased with its cash resources a large block of additional shares of stock of the bank. This was not the act of men who were unloading their bank shares on a dummy company to avoid assessment liability by reason of the impending insolvency of the bank. It equally negatives the idea that the bank was in a precarious condition to the knowledge of the defendants in October 1931. These men would surely not have invested additional capital of a company of which they were officers and in which their wives were largely interested in shares of

the bank six months after they knew of its impending insolvency.

"It will thus be seen that the plaintiff has completely failed to establish the factual bases for the relief he seeks. The transfer by John A. Lafore, Fred Geiger, Robert W. Lafore and John A. Lafore, Jr., to the Gloucester Investment Company was an out and out transfer made in good faith at a time when the bank was solvent and the transferors had no reason to believe that its insolvency impended. The transferors are, therefore, not liable for the assessment levied on the share transferred. Earle v. Carson, 188 U.S. 42, 23 S.Ct. 254, 47 L.Ed. 373; McDonald v. Dewey, 202 U.S. 510, 26 S.Ct. 731, 50 L.Ed. 1128, 6 Ann.Cas. 419. Obviously Anne F. Lafore and Amos Dotterer, who never were shareholders of the bank, cannot be held liable under the statute."

After a study of the proofs, we are satisfied there was ample evidence to support its conclusion and the Court committed no error in its findings. Accordingly, its order dismissing the bill is affirmed.